EDMOND LOWE HOWARD V. STATE.

No. 25,951. October 22, 1952.

Hon. Gerald Stockard, Judge Presiding.

*George M. Hopkins,* Jr., Denton, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged by complaint and information with operating an automobile upon a public street in the city of Denton, Texas, and therewith committed an aggravated assault upon the person of Jack Mason by colliding with and causing injury to the person of Jack Mason who was then and there upon said street. The punishment assessed is a fine of $500.00.

There is no statement of facts in the record, but we find two bills of exception.

Bill of Exception No. 1 is concerned with the fact that upon reading the verdict to the jury, the county judge read the same as follows: "We the jury find the defendant guilty of aggravated assault and assess his punishment at *Fine* Hundred Dollars. H. F. Burke, Foreman of the Jury." Thereupon the foreman spoke out and said "Five Hundred Dollars," and the court after comparing the handwriting and again looking at the charge

in open court read the verdict as follows: "We, the jury, find the defendant guilty of aggravated assault and assess his punishment at Five Hundred Dollars. H. F. Burke, Foreman of the Jury." The court then polled each juror in open court in order to ascertain whether or not that was his verdict, and each juror said that such was his verdict. The court thereupon accepted the verdict assessing the defendant's punishment at a fine of $500.00. We see nothing in this bill that would require a reversal of this cause.

Bill of Exception No. 2 complains because the witness, Jack Mason, who was allowed to testify as to the probable speed of appellant's car at the time the witness was struck thereby, had failed to qualify himself as being capable of telling the speed of automobiles. The court sustained the objection, and the witness again testified as to his knowledge of the speed of automobiles. The witness was asked by the state's attorney to give his opinion as to the speed of the appellant's automobile at the time of the collision. He then testified that the appellant's car was traveling at a speed of 80 miles an hour immediately prior to the collision. No error is reflected by the bill.

There being no other matters in the record called to our attention, and no error appearing therein, the judgment will be affirmed.